IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

RECEIVED
10 MAR -1 PM 12:20
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, JACKSON

Charles Edward Battle
_____
(Enter above the full name of the plaintiff
or plaintiffs in this action.)

vs.

STATE of TN, DEPT of CORRECTION, WARDEN
RICKY Bell, SGT. MADAR, CPL. Hughes, I.A. Fisher
LT. EDEN, I.A. Hamilton, A&E Documentary Joe Squigly
(Enter above the full name of the defendant
or defendants in this action.)

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C., §1983

I. Previous Lawsuits
   A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes ( ) No (✓)

   B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

      1. Parties to this previous lawsuit
         Plaintiffs: N/A

         Defendants: N/A

      2. Court (if federal court, name the district; if state court, name the county): N/A
      3. Docket Number: N/A
      4. Name of judge to whom case was assigned: N/A
      5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) N/A
      6. Approximate date of filing lawsuit: N/A
      7. Approximate date of disposition: N/A

II. Place of Present Confinement: Northwest Correctional Complex
   A. Is there a prisoner grievance procedure in the institution?
      Yes (✓) No ( )
   B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
      Yes (✓) No ( )
   C. If your answer is Yes:
      1. What steps did you take? Grievance committee, Warden, Commissioner
      2. What was the result? No action taken

   D. If your answer is No, explain why not:

III. Parties
   (In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)
   A. Name of Plaintiff Charles Edward Battle III
      Address 960 State Rt. 212

   (In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of an additional defendants.)
   B. Defendant Ricky Bell is employed as
      Riverbend Maximum Security Institution
      at

   C. Additional Defendants: SGT. MaDAR, CPL. Hughes, I.A. Fisher, Lt Eden, I.A Hamilton TNDOC. Joe Squigly A&E Documentary Station.

IV. Statement of Claim

   State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet if necessary.

-2-                                                                Revised 4/18/08

Case 3:11-cv-00043   Document 1   Filed 02/24/10   Page 2 of 7 PageID #: 2

## IV. Statement of Claim

On 8-30-09 I was finishing up at 4:00pm my visit at Riverbend Maximum Security Institution with my wife Marlorita Battle, my son Ciandre Battle, my sister Vatara Battle, my two neices Shontoya Richardson and Toni          . Once the visitor was announced to leave I huged everyone and kissed my wife and son goodbye. As I approach the desk to receive my pass and ID officer CPL Hughes approach me and stated Battle you need to come with me. I agreed. I followed CPL Hughes into a room where a man in plain clothing had set up a camera and I was asked to strip. In the room was CPL. Hughes, Internal Affairs Fisher, SGT. Mada, Lt Eden and the man in plain clothing video taping the strip. I asked what's going on and I was told by CPL Hughes and I.A Fisher that this is training. After I strip I was asked to open my mouth by CPL Hughes. His words were tilt your chin. I did everything he told me to do and CPL Hughes hollered give it here and stuck his personal leather gloves in my mouth. I tried to remove his fingers from my mouth cause I was choking and then I.A. Fisher grab me in a choke hold position. CPL Hughes stated he swallowed it. I.A. Fisher released the choke hold and asked me did I swallow anything. I answered No I didn't. SGT. Madar, Lt. Eden and I.A. Fisher asked me again I stated I didn't have nothing to swallow. I.A Fisher then offered me a paper towel to wipe the blood that was running down my face, and around my nose area. I was then told to put on my cloths. I.A Fisher stated to CPL. Hughes put in the incident report that there was eccessive force used. I was then escorted to the clinic and placed in a dry cell. A dry cell is a cell with no running water so if I had to use the

bathroom I couldn't flush the toliet. I told CPL. Hughes if you think I had anything get me a laxitive or x-ray me. I use the bathroom 3 times and officer RADAR check my feces for any contraband. On 8-31-09 less than 24 hrs later I was moved from the clinic to MAX. On 8-31-09 I was brought by CPL Hughes 3 displinary. One for violation of state law, contraband and refuse direct order. My displinary hearing was set for 9-2-09. My family was in shock and hired a lawyer ERIK Herbert of Nashville to represent me on this matter. He came to visit me And I explained it to him. On 8-30-09 I went to the clinic on 8-31-09 I went to MAX. On 9-2-09 I filed a Greivance asking for my hygiene out of my cell. I had the same underwear, Tshirts, socks and have'nt brush my teeth, wash my face or took a shower since 8-30-09. Also on 8-30-09 while in the clinic I told officer RADAR that my throat was hurting and my face was burning from the assault. On 9-2-09 I was given some cough drops and ointment for my face. While on MAX I Asked 1st shift officer CPL. Harris to call to my unit and get me some hygiene and undercloths. I also asked 2nd shift officer CPL Phillips. Their answers were internal affairs Hamilton is holding you property. The same thing the grievance stated. On 9-5-09 I was drug screened by CPL Phillips on 2nd shift and that was negative. On 9-1-09 I was able to call my wife and she told me that Warden Ricky Bell told her and my spritual Advisor N.A.A.C.P MR. Whitney that I had received my property. She also told me that Warden Ricky Bell stated his officer saw crumbs under my tougne. My disiplinary hearing was set for 9-2-09 but my attorney ERIK Herbert ask for an extention to 9-9-09. On

On 9-9-09 I was finally given my hygiene and personal property. On 9-11-09 at 9:00AM I had a displinary hearing. The contraband was dismissed by discplinary chairman LT. Horton. My attoney ERIK Herbert WAS there at the hearing but by policy couldn't speak only take notes. LT. Horton announced the discplinary reports and they voted. It was 2 members Micheal Bryant, Barbara Hall both employees at Riverbend Maximum Institution. Lt Horton call CPL Hughes via phone and he stated his accusations. The board members deliberated and came back with a guilty plea. I was given 20 days segregation, 6 months visit loss, and recommend transfer. I appealed to the WARDEN Ricky Bell at Riverbend immediatly. But before I could get a response from Warden Ricky Bell I was transfered. On 9-18-09 to Northwest Correctional Institution. The morning of 9-18-09 I was asked to pack my property. I told the officer that some of my property is missing. And I'm not packing my property without all my property. I was told either I pack up OR they gonna use eccessive force and pack it for me. I was told by officer CPL Greogary that I would receive my property once it was found. His words were "we will send it to you". Upon arrival at Northwest I was harrashed. Officer Williams asked who is Battle. I stated "me" and she told me to take my property over there. It WAS 10 other inmates that came off the chain bus with me but I was the only one searched. 2 inmates work intake told me there was a call made on me. I Appealed both disciplinary infraction violating state law and refuse direct order. Battle intercomed confirmed filed by warden Ricky Bell.

So now I have to prepare an appeal

to the Commissioner George Little. On 9-29-09 I was told that I needed to report to the internal affairs office at Northwest. I went and was approached by I.A. Miles and a man in plain clothing. He asked me do I remember him and I stated No. He then told me he work for A&E documentary station and wanted me to sign some forms. I denied. He wanted to interview me and I denied and told him to contact my attorney. I asked him did you see me with anything in my mouth in front of I.A. miles and he stated No. He insisted I sign a form. He contacted my attorney Erik Herbert several times. As I'm preparing for my appeal to the Commissioner I didn't have the proper papers that I had sent to Warden Ricky Bell in my possession. I had to send a certified letter to Warden Ricky Bell to send my form to me. I also had to get my wife to explain to the Commissioner the reason I needed an extention. Once I got the papers from Warden Ricky Bell I appealed. The Commissioner remanded it back to be re-heard and it was dismissed. Both of them. I am in claims court about my property. At the hearing on 9-11-09. LT Horton stated the tapes are sealed. The tapes in the visitation gallery and the tape were I was assaulted.

V. Relief
State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Actual DAmages and punitive DAmages afflicted upon me against the STATE of TN, DEPT of CoRRecTions

VI. Jury Demand
I would like to have my case tried by a jury. Yes ( ) No (✓)

I (We) hereby certify under penalty of perjury that the above complaint is true to the best of our information, knowledge, and belief.

Signed this _FEB_ day of _22nd_, 20_10_.

*Charles Battle*

(Signature of Plaintiff/Plaintiffs)

Case 3:11-cv-00043   Document 1   Filed 02/24/10   Page 7 of 7 PageID #: 7