IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD BATTLE, | | |
| Plaintiff, | | |
| vs. | | No. 10-1057-JDT/egb |
| STATE OF TENNESSEE, et al., | | |
| Defendants. | | |

ORDER OF PARTIAL DISMISSAL
AND
ORDER TRANSFERRING CASE PURSUANT TO 28 U.S.C. § 1406(a)

Plaintiff Charles Edward Battle, prison registration number 219643, an inmate at the Charles Bass Correctional Complex ("CBCX"), in Nashville, Tennessee, filed a complaint under 42 U.S.C. § 1983 against the State of Tennessee, the Tennessee Department of Correction, Riverbend Maximum Security Institution ("RMSI") Warden Ricky Bell, RMSI Sergeant Madar[1], Corporal Hughes, Internal Affairs Officer Fisher, Lieutenant Eden, and Internal Affairs Officer Hamilton, A & E Documentary, and Joe Quigley.[2]

Plaintiff Battle was previously confined as an inmate at the RMSI in Nashville, Tennessee. He alleges that Defendants Hughes, Fisher, Madar, and Eden, officers at the

---

[1] The complaint also refers to this defendant by the last name of Radar.

[2] Battle notified the clerk that the complaint misspelled Defendant Quigley's name and asked that the spelling be corrected.

RMSI, used excessive force in searching him for contraband after a contact visit with his family. He alleges that he was charged with three disciplinary offenses arising from the officers' search: violation of state law, contraband, and refusing a direct order. He alleges that he was sent to maximum security where he requested hygiene articles and underclothes but was informed his property was being held by Defendant Hamilton of Internal Affairs. Plaintiff was tested for drugs but reports that the results were negative. Plaintiff was given his hygiene articles and personal property on the day of his disciplinary hearing, however, he contends that some property was missing. Plaintiff was found not guilty of having contraband, but he was convicted of the other two charges. He was sentenced to twenty (20) days segregation, six months loss of visitation, and a transfer. Plaintiff appealed.

On September 18, 2009, Plaintiff was transferred to the Northwest Correctional Complex ("NWCX"). He was advised that his missing property would be sent to him. Plaintiff alleges that he was harassed when he arrived at the NWCX. He has not, however, named anyone from the NWCX as a defendant. Plaintiff alleges that, while at the NWCX, he was approached by Defendant Joe Quigly, who works for Defendant A & E Documentary and wanted to interview him. Plaintiff requested that Defendant Quigly contact his attorney. Plaintiff alleges that his disciplinary appeal was ultimately remanded by the Commissioner for rehearing and was dismissed.

I.      Order of Partial Dismissal

The only action alleged to have occurred in the Western District of Tennessee, is Plaintiff's allegation that he was approached by Defendant Quigley, who works for Defendant A & E Documentary for an interview.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege that the defendants (1) deprived plaintiff of some right or privilege secured by the Constitution and laws of the United States and (2) acted under color of state law. Lugar v. Edmonson Oil Co. Inc., 457 U.S. 922, 924 (1982); Flagg Brothers Inc. v. Brooks, 436 U.S. 149, 155 (1978); Wagner v. Metropolitan Nashville Airport Authority, 772 F.2d 227, 229 (6th Cir. 1985).

Defendant Quigley and A & E Documentary are a private citizen and a private business and do not act under color of state law. Therefore, there is no cause of action under the civil rights acts. West v. Atkins, 487 U.S. 42, 55-57 (1988). In general, private companies and their employees do not act under color of state law. See id.; Polk County v. Dodson, 454 U.S. 312 (1981); McCord v. Bailey, 636 F.2d 606, 613 (D.C. Cir. 1979).

Even though pro se complaints are held to a less stringent standard than those drafted by attorneys, the complaint must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Moralez v. Thiede, 828 F. Supp. 492, 493 (E.D. Mich. 1993). A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. In re DeLorean Motor Co. v. Weitzman, 991 F.2d 1236, 1240 (6th Cir. 1993). Plaintiff's allegations against Quigley and A & E Documentary fail to demonstrate any basis for this Court's jurisdiction.

The claims against Quigley and A & E Documentary fail to state a claim upon which relief may be granted. Those claims and Defendants are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b), and Fed. R. Civ. P. 12(h)(3).

II.     Order of Transfer

Venue in this action is governed by 28 U.S.C. § 1391(b). Section 1391(b) requires that an action be brought only in: 1) a judicial district where any defendant resides, if all defendants reside in the same state; 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or 3) a judicial district in which defendants are subject to personal jurisdiction at the time that the action is commenced, if there is no district in which the action may otherwise be brought.

Plaintiff was incarcerated at the NWCX at the time that he filed this complaint and that institution is in the Western District of Tennessee. However, the remaining allegations contained in the complaint concern events which occurred at the RMSI, which is located in Nashville in the Middle District of Tennessee. 28 U.S.C. § 123(b)(1). Although the TDOC is amenable to suit in any federal district in Tennessee, defendants Bell, Madar, Hughes, Fisher, Eden, and Hamilton are amenable to suit only in the Middle District. Under 28 U.S.C. §§ 1391(b)(1) and (2), venue in this matter lies in the Middle District of Tennessee.

For the reasons explained above, the Clerk is directed to TRANSFER this case to the United States District Court for the Middle District of Tennessee, Nashville Division. 28 U.S.C. §§ 123(b)(1); 1404(a); 1406(a).

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE