IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHARLES BATTLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:11-cv-00043 |
| | ) | JUDGE SHARP/KNOWLES |
| STATE OF TENNESSEE, et al., | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendants' Motion for Summary Judgment. Docket No. 79. Along with their Motion, Defendants have contemporaneously filed a supporting Memorandum of Law (Docket No. 80), a Statement of Undisputed Facts (Docket No. 79-1), and excerpts from Plaintiff's Deposition (Docket No. 79-2).

Plaintiff has filed a "Motion to Respond to Dispositive Motion" (Docket No. 82), which is not a response to the instant Motion, but rather, appears to be a response to *some* of the statements contained in Defendants' Statement of Undisputed Facts.[1]

Plaintiff filed this pro se, in forma pauperis, action alleging that Defendants utilized excessive force against him during a strip search that occurred August 30, 2009, in violation of

---

[1] In this submission, Plaintiff responds only to Defendants' Statements of Undisputed Facts numbers 2, 4, 6, 7, 12, 14, 17, and 19. *See* Docket No. 82. None of those responses is, however, in a form required by Fed. R. Civ. P. 56. Plaintiff has not responded to the remainder of Defendants' Statements of Undisputed Facts. Plaintiff's lack of response to the instant Motion, and his "response" to some, but not all, of Defendants' Statements of Undisputed Facts fails to comply with Local Rules 7.01(b) and 56.01(c) and (g).

1

his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. Docket No. 1. Plaintiff also alleges that Defendants seized some of his property and failed to return it. *Id.* For the reasons set forth below, the undersigned will not discuss in detail the particulars of Plaintiff's claims, as this action should be dismissed because Plaintiff has failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a).

With regard to grievances that Plaintiff has reported filing, Plaintiff, in his Complaint, avers that, "On 9-2-09, I filed a grievance asking for my hygiene out of my cell." Docket No. 1, p. 4. In this Complaint, this is the only grievance Plaintiff avers filing. In his Deposition, Plaintiff testified as follows:

> Q. Besides filing a grievance for your property you lost, have you filed any other grievances related to the August 30th incident?
> A. Yes. Well, I filed a - - let's see. Yes, I filed grievances about - - I asked for the charges to be dismissed. The contraband and violation of state law and refusing a direct order, I asked for them to be dismissed.
> Q. So you filed two other grievances; is that correct?
> A. Pertaining to this incident?
> Q. Uh-huh.
> A. I think I just filed two. That's all I filed was two. One for the property and one for the charges to be dismissed.

Docket No. 79-2, p. 12-13.

The Court notes that Defendant's Statement of Undisputed Fact No. 19 states:

> Plaintiff only filed two grievances after being searched on August 30, 2009. One for his property and one requesting his disciplinary charges be dismissed.

Docket No. 79-1, p. 7.

That statement of fact was cited, in part, to the deposition testimony quoted above. Plaintiff responded to that statement as follows: "In my grievances I did mention the use of

2

excessive force." Docket No. 82, p. 2. Plaintiff's deposition testimony is sworn testimony and meets the requirements of Fed. R. Civ. P. 56. Plaintiff's unsworn statement in his Response does not comply with Local Rules 7.01b or 56.01(c). The Court will, therefore, disregard Plaintiff's Response and focus upon his deposition testimony.[2]

A prisoner must exhaust all available administrative remedies before filing a claim under §1983 or any other federal law. 42 U.S.C. §1997e(a). *See also, e.g., White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *Wyatt v. Leonard*, 193 F.3d 876, 878 (6th Cir. 1999). The Prison Litigation Reform Act of 1995 provides in pertinent part as follows:

> (a) **Applicability of Administrative Remedies**. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Additionally, the filing of an initial grievance is not sufficient to satisfy the requirements of § 1997e(a). Rather, the PLRA exhaustion of prison administrative remedies requires a prisoner to pursue his prison grievance through the final level of administrative appeal. *Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999). In *Hartsfield*, the Sixth Circuit explicitly stated:

> Even if Plaintiff did file an initial grievance against [defendants], he was required to continue to the next step in

---

[2] It is somewhat unclear from Plaintiff's deposition testimony whether he filed a total of two grievances or a total of three. This possible controversy, however, is not material, because it is clear that none of the grievances Plaintiff filed were grievances for excessive force.

> the grievance process . . . . We have previously held that an
> inmate cannot simply . . . abandon the process before the
> completion and claim that he has exhausted his remedies. . .

When a defendant shows that a plaintiff has not "exhausted all available state administrative remedies," the only remaining question is whether Plaintiff's claims have been brought with respect to "prison conditions" as that term is used in 42 U.S.C. § 1997e(a).

The Sixth Circuit discussed the meaning of the term "prison conditions" as used in 42 U.S.C. § 1997e(a) in *Freeman v. Francis*, 196 F.3d 641 (6th Cir. 1999). In *Freeman*, Plaintiff inmate brought a lawsuit against prison officials claiming that they had used excessive force against him. The lower court had dismissed his complaint for failure to exhaust administrative remedies. On appeal, Plaintiff argued in part that he was not required to exhaust his administrative remedies because his excessive force claim did not involve a "prison condition" within the meaning of § 1997e(a). The *Freeman* Court stated in part as follows:

> The phrase "action . . . with respect to prison conditions" is
> not defined in § 1997e. Because the question is one of
> statutory construction, we must first look to the plain
> language of the statute. Defendants argue that the term
> "prison conditions" as used in 18 U.S.C. § 3626(g)(2),
> which was amended as part of the same legislation as
> § 1997e, does include claims such as excessive force
> because it expressly includes "effects of actions of
> government officials on the lives of confined persons" as
> well as "conditions of confinement" in defining "prison
> conditions." . . . It is generally recognized that when
> Congress uses the same language in two different places in
> the same statute, the words are usually read to mean the
> same thing in both places. . . .
>
> Moreover, reading the term "prison conditions" to include
> claims of excessive force finds support in the purpose and
> legislative history of the Act. The Act was passed to
> reduce frivolous prisoner lawsuits and to reduce the
> intervention of federal courts into the management of the

4

> nation's prison systems. A broad exhaustion requirement that includes excessive force claims effectuates this purpose and maximizes the benefits of requiring prisoners to use prison grievance procedures before coming to federal court. Prisons need to know about and address claims of excessive force as they would any other claim concerning prison life so that steps may be taken to stop problems immediately if they exist.

196 F.3d at 643-644 (footnote omitted).

The U. S. Supreme Court has also held that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *See Porter v. Nussle,* 534 U.S. 516, 520, 122 S.Ct. 983, 986 (2002). As the *Porter* Court stated:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. . . . In other instances, the internal review might "filter out some frivolous claims." . . . And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.
> . . .
> For the reasons stated, *we hold that the PLRAs exhaustion requirement applies to all inmate suits about prison life*, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.

122 S.Ct. at 988, 992 (citations omitted, emphasis added).

Under the reasoning of *Porter* and *Freeman*, Plaintiff's claims in the case at bar fall within the meaning of the term "prison conditions" as used in §1997e(a). By not filing grievances alleging excessive force, Plaintiff in the case at bar has failed to exhaust his administrative

5

remedies.[3]

For the forgoing reasons, there is no genuine issue of material fact and Defendant is entitled to a judgment as a matter of law. Accordingly, the undersigned recommends that Defendants' Motion for Summary Judgment be GRANTED, and that this action be DISMISSED WITH PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge

---

[3] The undersigned notes that Plaintiff does not bear the burden of showing that he has exhausted his administrative remedies; rather, the burden is on Defendants to show, as an affirmative defense, that he has not. *Jones v. Bock,* 549 U.S. 199 (2007).  Defendants in the case at bar have so established.

6

Case 3:11-cv-00043   Document 94   Filed 05/31/12   Page 6 of 6 PageID #: 294