UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES BATTLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:11-cv-0043 ) Judge Sharp |
| STATE OF TENNESSEE, et al., | ) ) |
| Defendants. | ) |

## ORDER

On May 31, 2012, the Magistrate Judge entered a Report and Recommendation (Docket No. 94) recommending that Defendants' Motion for Summary Judgment (Docket No. 79) be granted and this action be dismissed with prejudice. Plaintiff filed his one objection to the Report and Recommendation, styling it "Motion to Respond to Report and Recommendation," in which he argued that, contrary to Defendants' motion and the Magistrate Judge's report, he fully exhausted all available administrative remedies before filing this lawsuit. (Docket No. 101.)

The Court has conducted a *de novo* review of the matter in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and Rule 72.03, Local Rules of Court. After reviewing the record, the Court finds that Plaintiff failed to fully exhaust his administrative remedies before filing this lawsuit. Even considering the grievance records Plaintiff cites in his objections, it is evident that he did not exhaust his administrative remedies on the Eighth Amendment claim.[1] Plaintiff did not mention excessive force in his appeal to Tennessee Department of Corrections Commissioner George Little. (Docket No. 97, at 25-27.) His appeal only challenged the prison

---

[1] Notwithstanding Plaintiff's failure to properly or timely file these exhibits (*see* Docket No. 97; *see also* Docket Nos. 98 & 101), the Court considers them incorporated by reference for purposes of this motion only. Alternatively, the Court can take judicial notice of these administrative agency records. *See* Fed. R. Evid. 201(b); *Valerio v. Dahlberg*, 716 F.Supp. 1031, 1035 (S.D. Ohio 1988).

disciplinary process through which he was found to have violated state law. Thus, he failed to exhaust his administrative remedies on his excessive force claim. *See Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999). The proper disposal of a claim that has not been exhausted under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), is dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

Even if a claim has not been administratively exhausted, the PLRA permits this Court to dismiss any action that is "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c). A state official's negligent loss of property is not cognizable under § 1983 and the Due Process Clause of the Fourteenth Amendment. *Int'l Metal Trading Inc. v. City of Romulus, Mich.*, 438 Fed.Appx. 460, 462-63 (6th. Cir. 2011) (citing *Daniels v. Williams*, 474 U.S. 327, 328 (1986)). Plaintiff has alleged no more than negligence on the part of correctional officers who allegedly lost his property; indeed, the Claims Commission, where his lost property claim was pending when he filed this suit, characterized his administrative filing as a "claim for negligent care, custody, or control of personal property" (Docket No. 97, at 9). Moreover, by filing a claim before the Claims Commission, Plaintiff waived his federal cause of action. *See White by Swafford v. Gerbitz*, 860 F.2d 661, 664 (6th Cir. 1988) (Tenn. Code Ann. § 9-8-307(g) requires a claimant to waive his or her federal cause of action in exchange for the state's waiver of sovereign immunity). His lost property claim will thus be dismissed because he fails to state a cognizable claim over which the Court has subject matter jurisdiction.

On his Eighth Amendment claim, Plaintiff seeks to recover actual and punitive damages from the State of Tennessee and the state Department of Corrections. (Docket No. 1, at 3.) However, the Eleventh Amendment renders states, state agencies, and state officials acting in

their official capacities immune from federal suits seeking money damages, absent Congressional abrogation or the state's consent. *See Quern v. Jordan,* 440 U.S. 332, 342 (1979); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Cox v. Shelby State Cmty. Coll.*, 48 Fed.Appx. 500, 503-04 (6th Cir. 2002). Tennessee has not waived its immunity from federal civil rights suits, or its employees' immunity when acting within the scope of their employment. *See* Tenn. Code Ann. § 9-8-307(h); *Walker v. Norris*, 917 F.2d 1449, 1458-59 (6th Cir. 1990) (§ 9-8-307(h) immunity bars official-capacity claims against state officers and employees in state and federal court). Thus, claims for damages against the state of Tennessee, the state agency, and state officials in their official capacities will be dismissed on the merits under 42 U.S.C. § 1997e(c)(2), which allows the Court to dismiss a claim that, on its face, seeks monetary damages from an immune defendant, notwithstanding Plaintiff's failure to administratively exhaust the claim. Plaintiff's Eighth Amendment claim seeking damages from individual defendants in their individual capacities can be re-filed once fully exhausted, though. *See Adams*, 166 F. App'x at 204.

Accordingly, the Report and Recommendation is hereby accepted in part and set aside in part, as follows: Plaintiff's unexhausted Eighth Amendment claim seeking damages from individual defendants in their individual capacities is DISMISSED WITHOUT PREJUDICE and may be re-filed after properly exhausted at the state administrative level. Plaintiff's Eighth Amendment claim seeking monetary damages from the State of Tennessee, Tennessee Department of Corrections, and individual defendants in their official capacities is DISMISSED WITH PREJUDICE under 42 U.S.C. § 1997e(c)(2). Finally, Plaintiff's putative § 1983 claim arising from the negligent loss of his property is DISMISSED WITH PREJUDICE under 42 U.S.C. § 1997e(c)(2).

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE